# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAYSON FRYE,<br><br>    Plaintiff,<br>    v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security<br><br>    Defendant. | 3:14-cv-00523-MMD-VPC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Jayson Frye's ("plaintiff") motion for attorney's fees and costs (ECF No. 24) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Social Security Commissioner ("defendant") has not filed an opposition. For the reasons discussed below, the court recommends that plaintiff's unopposed motion be granted.

## I. BACKGROUND

On October 9, 2014, plaintiff filed a complaint (ECF No. 1) for judicial review of defendant's denial of his application for Social Security Disability Insurance benefits. The undersigned entered a Report and Recommendation (ECF No. 20) on November 16, 2015 in favor of plaintiff. District Judge Miranda M. Du adopted and accepted the report and recommendation on December 22, 2015 (ECF No. 22), remanding the matter to the Social Security Administration for further proceedings. On March 17, 2016 plaintiff moved for fees and costs in the respective amounts of $6,831.51 and $411.55. (ECF No. 24 at 2.) Counsel for plaintiff requests that the award be made payable to him. (*Id.* at 3.)

## II. DISCUSSION

The EAJA provides attorney fees to the prevailing party in an action seeking review of an adverse Social Security benefits determination, unless the government's position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). An EAJA award must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.'"). To determine reasonableness, the court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley*, 461 U.S. at 433–34, *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998). A reasonable attorney's fee is then calculated according to the "lodestar" amount, which equals the number of hours reasonably expended multiplied by a reasonable hourly rate. *Costa v. Comm'r of Soc. Sec. Admin*, 690 F.3d 1132, 1135 (9th Cir. 2012).

There is no question that plaintiff is a prevailing party. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits are ultimately awarded."). In his motion plaintiff contends that the defendant's position was not substantially justified. (ECF No. 24 at 2.) By failing to oppose, defendant tacitly concedes that point, as well as the absence of special circumstances that would make the award of fees and costs unjust. *See Gutierrez*, 274 F.3d at 1258 ("It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust.")

Further, defendant does not dispute the amount of fees and costs incurred. Having reviewed the unopposed motion, the court finds that the number of hours spent on plaintiff's case was reasonable, and the work completed was not excessive or redundant. According to plaintiff's supporting documentation, attorney John Boyden expended 2.4 hours in 2014 and 2.8 hours in 2015 to 2016, while attorney Linda Ziskin expended 1.3 hours in 2014 and 29.5 hours in 2015 to 2016. (ECF No. 24-1; ECF No. 24-2.) A total of 36 billable hours is fairly typical of a Social Security

1  case. *See Mandler v. Colvin*, No. 2:13-cv-01636-GMN-GWF, 2016 WL 526217, at *3 (D. Nev.
2  Feb. 9, 2016) (citing *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000)).

3  The hourly rates charged by plaintiff's attorneys were also reasonable. According to
4  plaintiff's motion, both attorneys should be compensated at an hourly rate of $190.06 for work
5  completed in 2014; Mr. Boyden should be compensated at a rate of $190.28 for work completed in
6  2015 to 2016; and Ms. Ziskin should be compensated at a rate of $189.68 for work completed in
7  2015 to 2016. (ECF No. 24-1 at 2; ECF No. 24-2 at 1.) Those rates equal or are slightly below the
8  Ninth Circuit's statutory maximum hourly rates under the EAJA, adjusted for increases in cost of
9  living.[1] (*Id.*)

10  The 36 hours expended multiplied by the cited hourly rates results in a loadstar calculation
11  of $6,831.51. Therefore, the court recommends that plaintiff be granted $6,831.51 in attorney's
12  fees as requested in plaintiff's motion. In addition, pursuant to its power to award costs under 28
13  U.S.C. § 2412(a)(1), the court recommends that plaintiff's request for $411.55 in costs also be
14  granted, for a total sum of $7,243.06.

15  Plaintiff assigned any EAJA fees and costs to his attorney. (ECF No. 24-3.) Pursuant to
16  *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), the award is subject to any offsets allowed under the
17  Treasury Offset Program ("TOP"). As such, defendant should contact the U.S. Department of the
18  Treasury after an order for fees and costs is entered to determine whether plaintiff owes a federal
19  debt. The EAJA award should then be paid directly to Mr. Boyden pursuant to the assignment,
20  subject to offset due to outstanding federal debt, if any exists.

21  ### III.   CONCLUSION AND RECOMMENDATION

22  **IT IS THEREFORE RECOMMENDED** that plaintiff's motion for fees and costs (ECF
23  No. 24) be **GRANTED.** The plaintiff is awarded attorney's fees in the amount of $6,831.51 and
24  costs in the amount of $411.55. Plaintiff's award, however, is subject to offset pursuant to the
25  above discussion.

---

27  [1] *See* Statutory Maximum Rates Under the Equal Access to Justice Act, *available at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 28, 2016).

1  **IT IS FURTHER RECOMMENDED** that, subject to any offset allowed under the TOP, as discussed *Astrue v. Ratliff*, 560 U.S. 586 (2010), defendant make the check for the award payable to Mr. Boyden and send the check the address provided for Erickson, Thorpe & Swainston, Ltd.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED:** July 8, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**