|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | UNITED STATES DISTRICT COURT | |
| 6 | DISTRICT OF NEVADA | |
| 7 | * * * | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JASON FRYE,

                Plaintiff,

    v.

CAROLYN COLVIN, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:14-cv-00523-MMD-VPC

ORDER

Plaintiff prevailed in this action seeking judicial review of the Commissioner's denial of his application for Social Security Disability Insurance benefits. (ECF No. 22.) The Court granted his motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, awarding attorney's fees in the amount of $6,831.51 and costs in the amount of $411.55, subject to offset allowed under the Treasury Offset Program. (ECF No. 26 at 2.) Before the Court is Plaintiff's motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b) ("Motion"), requesting fees in the amount of $17,748.25. (ECF Nos. 28, 30.[1]) The Commissioner responds to the Motion, but it declines to take a position as to the reasonableness of the fees requested. (ECF No. 29.)

On October 9, 2014, Plaintiff filed his Complaint seeking judicial review of a final denial of his application for disability benefits under the Social Security Act ("SSA") (ECF No. 1.) Plaintiff subsequently moved to remand (ECF No. 14) while the Commissioner sought to affirm the administrative law judge's ("ALJ") decision (ECF No. 15). After full

---

[1] The second motion is essentially the same as the first filed motion for attorney's fees.

briefing on the parties' competing motions, the Magistrate Judge recommended granting Plaintiff's request to remand, finding that the ALJ erred in failing to address certain medical opinion and properly consider all the functional limitations contained in that opinion. (ECF No. 20.) The Commissioner did not object. The Court subsequently adopted the Magistrate Judge's recommendation. (ECF No. 22.)

Following remand, the ALJ found Plaintiff disabled (ECF No. 28-3 at 17) and awarded Plaintiff past-due benefits from June 2013 through June 2016 in the amount of $70,993.00 and withheld $17,748.25 from the total past due benefits for purpose of compensating Plaintiff's representatives. (ECF No. 28-2 at 1-3.) The fee agreement between Plaintiff and his counsel, John C. Boyden, provides for fee to counsel up to 25% of the total back benefits awarded. (ECF No. 28-1.) Plaintiff also agreed that his counsel may request additional fees and costs under the EAJA in the event of an appeal. (*Id.*) The amount of fees requested here amounts to 25% of the total past benefits awarded.

As the Supreme Court has found, the statutory scheme established under the SSA "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Because the Motion seeks fees in connection with Plaintiff's representation in the case, the Court will address the Motion under section 406(b).

Section 406(b)(1)(A) provides, in pertinent part, that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee [to claimant's counsel] for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht,* the Supreme Court clarified that courts must respect "the primacy of the lawful attorney-client fee agreements." *Gisbrecht*, 535 U.S. at 793. Where, as here, the claimant and her counsel have entered into a contingency-fee agreement, courts must "review for reasonableness fees yielded by those agreements." *Id.* at 809. "Performance of that duty must begin, under *Gisbrecht*

with the fee agreement, and the question is whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Crawford v. Astrue,* 586 F.3d 1142, 1149 (9th Cir. 2009). A district may reduce a fee resulting from a contingency-fee agreement on reasonableness ground "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 1148 (internal quotation marks and citation omitted.) The attorney requesting the fees bears the burden of establishing the reasonableness of the fees sought. *Id.*

The Court finds that Plaintiff's counsel has satisfied his burden of establishing the reasonableness of the fees requested here, considering counsel's representation of Plaintiff in the case before the Court, including the substantial amount of time devoted to preparing the briefs relating to the motion to remand and opposing the cross motion to affirm. Accordingly, the Court will grant the Motion.

It is therefore ordered that Plaintiff's motion for attorney's fees (ECF No. 28) is granted. The later filed motion for attorney's fees (ECF No. 30) is denied as moot.

It is further ordered that the check to Plaintiff's counsel be sent to the address identified in the proposed order filed as ECF No. 28-6.

DATED THIS 25th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE